IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY SHATTIL,<br><br>    Plaintiff,<br><br>    v.<br><br>FRED RICCI TOOL CO., INC. and DOES 1-10,<br><br>    Defendants. | 16 CV 9497 |

## COMPLAINT

Plaintiff Wendy Shattil ("Shattil"), by and through her counsel of record BRESSLER LAW PLLC, alleges for her Complaint against the Defendants as follows:

### Nature of the Action

1. This is a civil action against the Defendants for wrongful acts of direct and indirect copyright infringement (U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*) and for copyright management information violations (17 U.S.C. § 1202).

### The Parties

2. Shattil is an individual who resides and at all times relevant to this Complaint did reside in Denver, Colorado.

3. On information and belief, Defendant Fred Ricci Tool Co., Inc. ("FRTC") is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business at 165 Dyerville Ave., Johnston, RI 02919. On information and belief as

informed by public Rhode Island Secretary of State records, "Chewbarka's Tags" and "American Lawn Signs" are fictitious names for FRTC.

4. On information and belief, one or more of Does 1-10 are the agent, affiliate, officer, director, manager, principal, partner, joint venturer, joint actor, alter ego, engaged contractor, website creator, website developer, content manager, content licensor, printer, printing house, publisher, graphic artist, and/or employee of Defendant FRTC. Shattil does not know the true names of Defendant Does 1 through 10, inclusive, and therefore identifies them as defendants herein by those fictitious names. Shattil believes and alleges that each of the Does 1 through 10 is in some manner liable for Shattil's claims and proximately caused Shattil's damages.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. § 501(a), as this action alleges infringement of registered U.S. copyright rights, 17 U.S.C. § 101 *et seq*.

6. This Court has personal jurisdiction over Defendant FRTC because it does business and/or transacts business within the State of New York. More specifically, Defendant FRTC has conducted tortious acts of infringement within the Southern District of New York, conducted acts directed at this District, and/or transacted or done business within this District, including the commercial sale and distribution of items bearing artwork alleged herein to infringe Plaintiff's exclusive copyright rights.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c)(2), and/or 1400(a) because FRTC is subject to personal jurisdiction and may be found in this District.

**Facts**

Shattil's Iconic Image

8.  Shattil is a full-time professional photographer specializing in nature and wildlife photography. Shattil (including with her partner Robert Rozinski until his passing earlier this year ("Rozinski")) provides professional photography services via Shattil/Rozinski Photography, LLC, and displays her photographs for viewing and licensing via its website located at Uniform Resource Locator ("URL") http://dancingpelican.com.

9.  Shattil and Rozinski are distinguished and highly respected in their field of work. For their artistic and professional endeavors, Shattil and Rozinski have received numerous awards and appointments, including:

- GRAND PRIZE, BBC Wildlife Photographer of Year (1990);
- Phillip Hyde Grant for Environmental Photography (2004);
- Denver Audubon Environmental Stewardship Award (2006);
- Texas Valley Land Fund Grand Prize Winners (1996);
- Conservationists of the Year, Colorado Wildlife Federation (1990);
- Best Nature Photographers in Colorado – CBS Denver News (2010);
- First Prize, Golden Artists Festival (2015);
- Best of Show, Evergreen Artists Festival (2010);

- First Prize, Crested Butte Arts Festival (2005);

- First Prize, NATURE'S BEST international competition (2001);

- First Prize, BBC Wildlife Photographer of Year (1987);

- First Prize, National Wildlife Magazine contest (1983);

- Business Partner of the Year, Colorado Wildlife Federation (1996);

- 40 Awards & Medals, Photo Society of America (1972-1980);

- People's Choice Award, Outdoor Writers of America (OWAA) (2000-2002 and 2005);

- "Best of the Best", President's Choice Award – OWAA (1996);

- Past Board Member, North American Nature Photography Association (NANPA) (2000);

- NANPA Outstanding Service Award (2001);

- NANPA Fellowship, honorary professional group (2000); and

- Senior Fellows in the International League of Conservation Photographers (iLCP) (2006).

10. Shattil and Rozinski's photographic images have appeared in virtually every recognized nature and wildlife periodical, including the *National Wildlife*, *Audubon*, *Smithsonian*, *BBC Wildlife*, *Natural History*, *Ranger Rick*, and *National Geographic* publications.

11. In 1980, Rozinski created "Bald Eagle Portrait", an iconic photographic image of a bald eagle (the "Image"), a true copy of which is attached as Exhibit A to this Complaint (to be sure, the watermark and graphics appearing in Exhibit A are not part of the Image). The Image captures a piercing, intimate, eye-to-eye moment with this majestic creature exhibiting near-perfect symmetry against a flawless sky blue background. It would be difficult, as perhaps an understatement, to recreate such an image given the challenge of replicating and capturing such a

fleeting moment in nature. That Rozinski captured this moment at all is remarkable considering that when created, the American bald eagle faced extirpation in North America due to poisonous DDT pesticide use, among other factors. Not surprisingly, the Image earned Rozinski a special commendation in the (1986) BBC Wildlife Photographer of the Year competition. The Image is one of Shattil and Rozinski's professional photography signature images, and as such they have licensed its use by others judiciously.

12. The Image is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. As such, the Image is subject matter protectable under the U.S. Copyright Act.

13. The Image is registered with the U.S. Copyright Office as VA 451-671, effective February 12, 1991.

14. Prior to the Defendants' acts alleged in this Complaint, Rozinski assigned to Shattil joint ownership of all copyright rights in and to the Image. Subsequent to Rozinski's passing, Shattil is now the sole and exclusive owner of all copyright rights in and to the Image and all rights to pursue and remedy infringement and violations thereof.

The Defendants' Unauthorized Uses of Shattil's Iconic Image

15. On information and belief, Defendants have reproduced, publicly displayed, transmitted, and created derivative works based on the Image.

16. On information and belief, Defendants have manufactured, sold and distributed yard signs, bumper stickers and possibly other items incorporating the Image or a derivative

work based on it (collectively, any and all signs, bumper stickers and other items using the Image or a derivative work based on it are the "Infringing Merchandise") to promote the candidacy and subsequent election victory of President-elect Donald J. Trump.

17. On information and belief, Defendants operate and are responsible for the eBay online auction website account "Chewbarka8898", which account offers and promotes the Infringing Merchandise. Copies of Internet screenshots displaying representative items of Infringing Merchandise sold and offered for sale are attached as Composite Exhibit B. The Image is featured prominently in campaign signs proclaiming TRUMP PENCE 2016, TRUMP 2016, WOMEN FOR TRUMP 2016, VETERANS FOR TRUMP 2016, DEPLORABLES FOR TRUMP 2016, DRAIN THE SWAMP TRUMP 2016 and in bumper stickers proclaiming TRUMP 2016 and TRUMP PENCE.

18. On information and belief, Defendants also operate and are responsible for the eBay online store "Chewbarka's Tags and More", which online store offers and promotes the Infringing Merchandise (the "eBay Store"). The eBay Store is accessible via the following uniform resource locator ("URL"): http://stores.ebay.com/Chewbarkas-Tags-and-More/Trump-Signs-/_i.html?_fsub=990276010&_sid=52985340&_trksid=p4634.c0.m322.

19. On information and belief, the Defendants own, operate or participate in the operation of the website hosted at www.ricciprinting.com (the "Website"), which includes an "Online Store" tab that links to the eBay Store.

20. Informed in part by Defendants' disclaimers on Infringing Merchandise and advertising and eBay auction listings therefor, Shattil believes that the Defendants are not affiliated with or licensed by President-elect Trump or Donald J. Trump For President, Inc.  For

example, at the eBay online listing accessible at http://www.ebay.com/itm/381719875661, the following text appears: "Disclaimer: These signs have nothing to do with the Trump campaign and are not official Trump campaign signs. They are offered from Chewbarka in Johnston RI[.] Not authorized by any candidate or candidate's committee." In addition, the campaign sign offered for sale in this eBay listing appears to bear text in its lower right hand corner disclaiming such affiliation with Mr. Trump's campaign.

21. On information and belief, informed in part by eBay's public sales records and extensive buyer feedback and comments posted for Chewbarka8898, Defendants have sold or otherwise distributed at least thousands of articles of Infringing Merchandise.

22. On information and belief, Defendants operate and are responsible for the Twitter account "Ricci Printing", which can be accessed at https://twitter.com/RICCI_PRINTING. The Twitter account touts "Lets [*sic*] get the TRUMP support signs out there!! We are printing 1000's!!" The Twitter account feed is replete with photographs of the manufacture and public display of infringing campaign signs promoting President-elect Trump and active links back to Chewbarka8898's eBay merchandise listings for sale of the featured Infringing Merchandise.

23. None of the Defendants is the Image's author or copyright owner, and none of the Defendants is otherwise licensed or permitted to use the Image, whether as part of the Infringing Merchandise or otherwise.

24. On information and belief, Defendants' selection and use of the Image's particular bald eagle specimen is deliberate, apparently aiming to emulate bald eagle artwork that had been used by Mr. Trump's campaign.

25. On information and belief, the Defendants created and/or used derivative versions of the Image to accommodate their graphic design preferences and/or to obscure their unauthorized taking of the Image.

26. On information and belief, Defendants used without Shattil's authorization the Image to promote the sale and public display of the Infringing Merchandise.

27. On information and belief, the Defendants used or might have used the Image in other manners and implementations in connection with President-elect Trump's campaign and promotion, all without Shattil's authorization.

28. On information and belief, many thousands of individuals across the United States were and are now reproducing, publicly displaying, transmitting, and otherwise using the Image to celebrate President-elect Trump's victory and to show their support for him, all without Shattil's authorization.

29. In March 2016, Shattil and Rozinski instituted their action in this Court captioned *Shattil v. Donald J. Trump For President, Inc*., 16 CV 2162 (March 23, 2016) (LAK), which alleged that Mr. Trump's campaign violated exclusive copyright rights in the Image by using its bald eagle portrait to promote Mr. Trump's candidacy without the plaintiffs' authorization (the "Trump Action"). The Trump Action has been resolved amicably. To be sure, as of the date of this Complaint, Shattil is unaware of any basis to assert her instant claims against Mr. Trump or his campaign and Shattil does not do so herein.

30. The press and media widely reported on the Trump Action and the alleged unauthorized use of the Image, including stories featured in *New York Post*, *New York Daily*

*News*, *Washington Times*, and the nationally aired celebrity news television show TMZ, among other news outlets.

31. On information and belief, notwithstanding that the Defendants knew that the alleged unauthorized use of the Image gave rise to Shattil's prior infringement claim, the Defendants continued to use the Image without authorization.

32. Because the Defendants contributed to and induced such third persons' infringement of the Image and knew or should have known that such third persons would use the Image without Shattil's authorization as the Defendants wanted and encouraged, Defendants also are liable for contributory infringement of the Image.

## FIRST CLAIM FOR RELIEF
### Direct Copyright Infringement
### (As Against All Defendants)

33. Shattil repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

34. Without Shattil's authorization or consent, the Defendants reproduced, distributed, publicly displayed, created derivative works, transmitted, and otherwise used the Image and/or its original elements, including on the Infringing Merchandise, all in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35. On information and belief, the Defendants' unauthorized uses of the Image commenced well after the February 12, 1991 effective date of the Certificate of Registration for copyright rights in and to the Image.

36. On information and belief, the foregoing acts of infringement by the Defendants are willful, intentional, purposeful, and performed with knowledge that the reproduction, public display, transmission, distribution and other uses of the Image are and were not authorized by Shattil. Conduct is willful if a copyright infringer knows its conduct infringed copyright rights or if it acted with reckless disregard for such copyright rights.

37. As a direct and proximate result of the Defendants' copyright infringement, Shattil has suffered and continues to suffer injury and damages. Shattil is entitled to her actual damages and the Defendants' additional profits attributable to the Defendants' infringement of the Image, pursuant to 17 U.S.C. § 504(b), or if and as Shattil may opt in her sole discretion, statutory damages in an amount of up to $30,000 per work infringed, or $150,000 per work infringed willfully, pursuant to 17 U.S.C. §504(c).

38. Shattil further is entitled to recover a reasonable attorney's fee and costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**Secondary Copyright Infringement**
**(As Against All Defendants)**

39. Shattil repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

40. On information and belief, the Defendants knowingly induced and encouraged third persons to reproduce, display publicly, transmit and otherwise use the Image without Shattil's consent.

41. Indeed, throughout a particularly contentious presidential election season, Shattil believes that the Defendants supplied thousands of unauthorized copies of the Image as part of the Infringing Merchandise and urged their purchasers to deploy and display them publicly to show support for Mr. Trump.

42. As a direct and proximate result of the Defendants' wrongful conduct, Shattil has suffered and continues to suffer injury and damages. Shattil is entitled to her actual damages and the Defendants' additional profits attributable to the Defendants' infringement of the Image, pursuant to 17 U.S.C. § 504(b), or if and as Shattil may opt in her sole discretion, statutory damages in an amount of up to $30,000 per work infringed, or $150,000 per work infringed willfully, pursuant to 17 U.S.C. §504(c).

43. Shattil further is entitled to recover a reasonable attorney's fee and costs pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF
### Provision and Distribution of False Copyright Management Information
### (As Against All Defendants)

44. Shattil repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

45. On information and belief, with the intent to induce, enable, facilitate, and/or conceal infringement, and without Shattil's authorization or consent, Defendants reproduced, publicly displayed, distributed, transmitted and otherwise identified and represented the Image as permitted for others to reproduce, publicly display, transmit, distribute and use the Image.

46. Defendants' wrongful conduct induced and facilitated others to further publish, reproduce, publicly display, transmit and otherwise use the Image without Shattil's authorization.

47. Moreover, to the extent that persons and entities who received the Defendants' Infringing Merchandise then reproduced, publicly displayed, transmitted and otherwise used the Image, those recipients then also induced others to use the Image without Shattil's authorization, perpetuating and compounding the infringement and the resulting viral harm to Shattil caused by the Defendants' wrongful conduct.

48. On information and belief, knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Shattil's rights under Title 17 U.S.C., Defendants (1) intentionally supplied false copyright management information for the Image; (2) distributed false copyright management information without due authority; and (3) distributed and publicly displayed copies of the Image with their false copyright management information without due authority in violation of 17 U.S.C. §§ 1202(b)(1), (2) and (3).

49. Such wrongful conduct entitles Shattil to recover her actual damages suffered as a result of such violations, plus Defendants' additional profits attributable to such violations, or if and as Shattil opts in her sole discretion, statutory damages in an amount of between $2,500 and $25,000 per violation of 17 U.S.C. § 1202.

**Prayer for Relief**

**WHEREFORE,** Shattil respectfully requests judgment against the Defendants as follows:

      a.  declaring the Defendants jointly and severally liable for direct and indirect infringement of Shattil's exclusive copyright rights in and to the Image;

      b.  declaring the Defendants jointly and severally liable for copyright management information violations concerning the Image;

      c.  enjoining the Defendants from unauthorized reproduction, distribution, transmission, public display, creation of derivative works, and other uses of the Image and/or any of its original elements;

      d.  enjoining the Defendants from the unauthorized provision and distribution of false copyright management information concerning the Image;

      e.  for Defendants' copyright infringement, awarding Shattil monetary damages in an amount equal to her actual damages plus the Defendants' additional profits attributable to such infringement (17 U.S.C. § 504(a)(1)), or if and as Shattil opts in her sole discretion, statutory damages in an amount of up to $30,000 per work infringed, or up to $150,000 per work willfully infringed, pursuant to 17 U.S.C. § 504(c)(2), plus a reasonable attorney's fee and costs (17 U.S.C. § 505);

      f.  for Defendants' provision of false copyright management information, awarding Shattil damages in an amount equal to her actual damages plus Defendants' additional profits attributable to such violations, or if and as Shattil opts in her sole discretion, statutory damages in an amount of between $2,500 and $25,000 per violation

of 17 U.S.C. § 1202 (see 17 U.S.C. § 1203(c)(3)(b)), plus a reasonable attorney's fee and costs (*see* 17 U.S.C. §§ 1203(b)(4) and (5));

       g.  compelling the Defendants to account to Shattil for all profits, income, receipts and other benefits derived by the Defendants from the reproduction, distribution, transmission, public display, promotion, and sale of products, services and media that infringe copyright rights in and to the Image (17 U.S.C. §§ 504(a)(1) and 501(b)); and

       h.  awarding Shattil such other and further relief as the Court deems just and proper.

Dated:  New York, New York      Respectfully submitted,
       December 8, 2016

                                      s/ Joshua R. Bressler
                                      Joshua R. Bressler (JB8780)
Bressler Law PLLC
3 West 35th Street, 9th Floor
New York, NY 10001
Tel: (917) 969-4343
Fax: (917) 591-7111

*Counsel for Plaintiff*
*Wendy Shattil*